## THE STATE v. P. SMYTHE.

1. In Article 3830, Paschal's Digest, relating to official extortion, two offenses are comprised; the first of which is the charging of *other* fees, and the second the charging of *higher* or *greater* fees, than those prescribed by the statute.

2. An indictment accused a county clerk of demanding " fees greater than were or are allowed by law ;" and then, by way of specification, alleged that the fees charged were for certain orders for which no fees were allowed by law. *Held*, that the indictment was properly quashed, as the specified acts constituted a different offense than that charged.

APPEAL from Bexar.   Tried below before the Hon. Thomas M. Paschal.

The facts are sufficiently disclosed.

*E. B. Turner*, Attorney General, for the State.—The indictment is framed under 3830, Paschal, for demanding other and greater fees than are allowed by law.   And the indictment then charges that none of the fees were allowed by law.   The indictment was quashed upon motion, and I presume upon the authority of Hays v. Stewart, 8 Texas, 359.

If it be true that the statute must be applied to cases only where the clerk has a right to charge a certain fee, but demands more than allowed by law, the judgment of the court is correct; but it seems to me that the word " other," being used in the statute, enlarges its meaning from " different," and I do not think the rule should be applied only to excessive charges.

The indictment recites the charges in each case, as an order to do this or that, 75 cents, etc.   Now, by the law of 1866 (see p. 230) county clerks are allowed for entering each order, 75 cents, and therefore upon the face of the indictment, so far as pleading the offense is concerned, it would seem to negative the idea of liability.

There is no allegation negativing the facts alleged as to there having been such orders made, but places it upon the ground that no such fees are allowed by law.   Unless, therefore, the pleader has shown by the indictment that there was an offense committed, the indictment was properly quashed.

He has set forth fully the matters of fact in clear and intel-. ligible words, which he relies . upon for the conviction, and they are sufficiently pleaded.

It will be remembered that section 3830 is different from article 1979, and that article 1979 is of more recent date than that of 3830, and if the same is a repeal of the 3830 article, then the words are more restricted, and are now higher far than are allowed,

and the case of Hays v. Stuart has still more force, and the defect in the indictment more apparent; because he is not charged with demanding higher fees, but fees when none were due.

I am unable to see why a man. charging fees when none are allowed, under cover of official right, is less culpable than he who charges too much.

No brief for the appellee.

WALKER, J.—This is an indictment found under Art. 3830, Paschal's Digest, which reads as follows :

"If any of the offices herein named shall demand or receive any other or higher fees than are prescribed in this act, for any of the services herein mentioned, he shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received, to be recovered in any court of competent jurisdiction, and shall also be liable to indictment by the grand jury, and on conviction may be fined in any sum not exceeding one hundred dollars for each and every case, and may also be removed from office, at the discretion of the jury trying the same."

Under this act there may be two offenses ; the one for charging " higher or greater " fees than those prescribed in the statute. The second for charging " other " fees than those prescribed in the act. The indictment in this case charges the offense in the following words :—" Did willfully, corruptly and extorsively demand of the said H. P. Howard, administrator aforesaid, fees greater then were or are allowed by law."

As specifications of the act, the indictment sets forth certain orders, made by the defendant in his capacity as county clerk of Bexar county, and alleges that the fees charged by him for writing and issuing said orders were not allowed by law. This specification applies to another and different offense than that charged, and is therefore bad. The court below quashed the

indictment properly, and the judgment is affirmed and cause remanded.

Affirmed.