## W. H. SMITH *v.* THE STATE.

OFFICIAL EXTORTION, as defined in article 240 of the Penal Code, is the wilful demand and reception by any officer authorized by law to receive fees of office, or by any person employed by such officer, of "higher fees than are allowed by law " for the services in question. If no fees were allowed by law for the services in question, then no prosecution under this provision can be maintained; and an indictment is bad which shows on its face that the services were not services for which any fees were allowed by law. See the opinion as to the requisites of an indictment for official extortion.

APPEAL from the District Court of Atascosa. Tried below before the Hon. G. H. NOONAN.

The indictment was presented in November, 1879, and alleged that one G. W. Chapman had died in said county about the 1st of the preceding July, leaving a will of which he appointed his wife the executrix, and exonerating her from bond or accountability to the courts, except to file an inventory of the estate; that Smith, the present appellant, being then and there the judge of the County Court of said county, did, at its July term, 1879, admit the said will to probate and appoint the testator's widow to be the executrix of it, and that these were the only legal services ever rendered by him then or ever about said Chapman's estate; that no exhibits or accounts, other than the inventory and appraisement, had ever been filed by the executrix; but that, on or about August 1, 1879, in said county and State, "the said W. H. Smith, so being judge of said County Court as aforesaid, did wilfully. and extorsively, and by color of his office, demand and receive of and from the said Caroline Chapman as executrix of the last will and testament of the said G. W. Chapman, deceased, higher fees than were or are allowed by law, to wit, the sum of 236.85 dollars, he the said W. H. Smith as such judge then and there claiming said sum of

money to be due him as such judge for and as commissions at the rate of one-half of one per cent. upon the appraised value of the estate, real and personal, of the said G. W. Chapman, deceased, whereas in truth and in fact no sum of money or fees were due the said W. H. Smith as such judge of the said County Court of Atascosa of and from the said Caroline Chapman, as executrix of the last will and testament of the said G. W. Chapman, deceased, as commissions at the rate of one-half of one per cent. on the estate of the said G. W. Chapman, deceased. And so the jurors aforesaid, on their oaths aforesaid, do further say that the said W. H. Smith did, as such county judge of said county of Atascosa, wilfully, extorsively, and by color of his said office, on the day and year last aforesaid, in the county aforesaid, demand and receive, in manner and form aforesaid, higher fees than were or are allowed by law; contrary," etc.

The defense moved to quash this indictment because it charged no offense, and alleged no facts constituting any offense known to the Penal Code; and the motion specified with particularity the many exceptions alleged against its sufficiency. The court overruled the motion to quash, and this is complained of by the appellant.

A trial on the plea of not guilty ensued. The State put in evidence the will of Chapman, deceased, and its probate, together with the inventory of the estate, which aggregated over $40,000.

H. W. Chapman, testifying for the State, said that in the summer of 1879, he asked the defendant for his bill against the executrix, and was presented by the defendant with a bill which aggregated $236.85, consisting almost entirely of a charge of one-half of one per cent. on the inventoried value of the estate. The defendant said to witness that the bill looked large, but he believed it to be correct, and read some law to witness out of the Digest. As requested by the defendant, the witness left

for him in bank at San Antonio the amount of the bill. This was all the evidence in the cause.

The jury found a verdict of guilty, and assessed a fine of $100 as the punishment. A new trial was refused, and the defendant appealed.

*D. P. Marr,* for the appellant, filed an able brief and argument.

*H. M. Holmes,* for the State.

HURT, J. The appellant was indicted, convicted and fined one hundred dollars for a violation of art. 240 of the Penal Code. Said article reads as follows: "If any officer authorized by law to demand or receive fees of office, or any person employed by such officer, shall wilfully demand or receive *higher* fees than are allowed by law, he shall be punished by fine not exceeding one hundred dollars for each offense." The indictment charges that the defendant received higher fees than was authorized by law, but it also sets out facts showing beyond all question that the fees demanded or received were *not authorized* by law. There was a motion to quash, which was overruled, the ruling of the court was excepted to, and the action of the court is here assigned as error.

By reference to the above article (240) it will be found that to constitute the offense therein sought to be punished, these facts must exist: The person sought to be convicted must be an officer or a person employed by an officer. The officer or person so employed must be authorized by law to *demand* or *receive fees of office.* The law must have allowed fees for the service rendered, and for which the fees were demanded or received. The fees demanded or received must have been *higher* than those *allowed* by law. The defendant must have demanded or received these higher fees. There is no law in this State punishing the demanding or receiving of fees *not allowed* by law, by officers authorized by law to demand or receive

fees. The offense (the other elements attending) consists in demanding or receiving higher fees for services than are allowed by law for these services. If this indictment had omitted the allegation that the fees demanded or received were higher than allowed by law, it would have been clearly defective. This allegation being imperatively demanded to make the indictment good, evidence showing that defendant demanded or received pay as fees not allowed by law would not have supported the indictment. We therefore conclude that if the indictment state facts from which it appears that the fees were not higher but were unauthorized by law, it is bad, and should have been quashed.

Article 3830 of Paschal's Digest provided that "if any officer herein named shall demand or receive any *other* or higher fees," etc. Under this article the indictment charged that the defendant demanded fees greater than were allowed by law; and, in specifying, alleged that the fees charged were for certain orders for which no fees were in fact *allowed* by law. It was held by the Supreme Court that the indictment should have been quashed. *State* v. *Smythe*, 33 Texas, 546. In *Hays* v. *Stewart*, 8 Texas, 359, Judge Lipscomb holds that, under an act which provides, "That if any of the officers herein named shall demand and receive any *other* or *higher* fees than are prescribed in the act for any services therein mentioned he shall be liable to the party aggrieved for four-fold the fees so unlawfully demanded and received, to be recovered in any court of competent jurisdiction," that an action by the party aggrieved for the penalty under this act could not be sustained, unless the officer was entitled to charge *fees.* The act allowed the surveyor three dollars for each English lineal mile *actually run.* The surveyor charged for lines not actually run by him. There was no dispute as to the rate of fees, nor was there any evidence of an attempt to collect higher fees than the law allowed. The dispute in that case was about the surveyor's right to col-

lect the fees for two lines at all. Under this state of case, the learned judge says: "It is a well established *rule* of law that in a suit to recover a penalty imposed by statute, the charge should be specifically made and fully proven. The statute imposing a four-fold penalty to be paid to the party aggrieved, besides a liability to be fined and removed from office, is highly penal in its character, and was doubtless intended to punish a wilful violation of law, and not a mistake that might honestly be made."

The principle above enunciated applies directly and with great force to the case before us. Under the present act, as we have seen, the crime consists in demanding or receiving *higher* fees than are allowed by law. The amount of the fees being first fixed by law for specified services, higher fees cannot be demanded without the party demanding the same being guilty *of an offense* such as should be denounced and punished by our law. But on the other hand it frequently occurs that officers have reasonable grounds for believing and do believe that they are entitled to fees, when in fact they are not. Hence our Code *denounces* the officer who demands or receives *higher* fees than are allowed by law, and not fees unauthorized by law.

As the indictment shows upon its face that the fees demanded and received were for services for which no fees were allowed by law, we are of the opinion that it was fatally defective, and should have been quashed. There were other items for services for which the law allowed fees, but the amount demanded for these was that which the law allowed, and no more.

For the error in overruling the motion to quash, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

WINKLER, J., does not concur in this opinion.